Ruffin, C. J,
 

 The reason for the motion in arrest of judgment is not stated in the record, and the Court does not perceive any.
 

 Since
 
 Bathurst’s case,
 
 cited in
 
 Slorr’s case,
 
 S Bur. 1698, and
 
 Wilson’s case,
 
 8 T. R. 357, it seems to have been considered settled, that for a violent entry into the possession of the house of another, laid to be done
 
 manu forti,
 
 an indictment will lie at common law. The latter was a solemn decision on demurrer. In this State the doctrine has been adopted. In the
 
 State
 
 v.
 
 Fort and Guuse,
 
 4 Dev. and Bat.
 
 192, it
 
 was, indeed, held, that the indictment was
 
 not
 
 good, which charged only that the defendants broke the window of the prosecutor’s house, though laid
 
 manu foi'ti ;
 
 because the facts themselves only amounted to a civil trespass, and
 
 not to
 
 a breach of
 
 the peace, nor
 
 tended directly to it nor to the terror of the owner, as they might d.Q if the qwner were present. But it was distinctly laid down, that “ the violent taking or withholding of the possession of a man’s house is a public offence,” and
 
 *317
 
 that “ strong hand” is technically appropriate to designate the degree of violence which renders it so. In the language of Lord Kenyon in
 
 Wilson’s case, “
 
 God forbid that such an act should not be an indictable offence. The peace of the whole country would be endangered, if it were not so.” To the decision of this Court, just cited, are to be added the subsequent cases of
 
 Follóle,
 
 4 Ired.-303, and
 
 Tolever, 5
 
 Ired. 453 ; which are in point.
 

 After those cases we cannot suppose the decision of the Superior Court was made upon the ground, that the act laid in the indictment is not an offence, if done by a stranger and mere wrong-doer. Indeed, the counsel here takes a different objection, and informs us, that upon that, the judgment was arrested by his Honor. It is, that it does not appear upon the indictment, that the defendants were strangers and wrong-doers; and therefore they may have been the owners of the house and had the right to enter as they did. The objection is founded on the passages in 1
 
 Hawk. P. C. B.
 
 1, c. 28, s. 1, and 4
 
 Bl.
 
 Com. 148, that at common law one disseised has a right to enter into his lands by force, if he can do so without committing a battery on the person in possession. It is not necessary to say here, how that is, but we may leave it to be decided when the question shall arise, as was done in
 
 Rex
 
 v.
 
 Wilson.
 
 For, admitting that doctrine, the indictment is sufficient without a direct negative averment that the defendants had no title to the lands. In general, negative averments are not necessary in pleading, unless to meet some exception or proviso in a statute, 1
 
 Chit. C.L.
 
 283 ; and
 
 Wilson’s case
 
 is a direct authority, that the indictment is good in this case without it. There the indictment charged that the defendants “
 
 unlawfully aud injuriously, and with strong hand,
 
 entered into a certain mill and lands and houses,
 
 being in the possession of M. L.
 
 &c.” without any other reference to the defendant’s right •, and the Court said, when speaking of the passage in Hawkins,"that, it appearing by
 
 *318
 
 the indictment,that the
 
 defendants unlawfully
 
 entered, the Court could not intend, that they had any title. If they had, and that would prevent their entry upon the prosecutor’s possession from being an offence, it was matter of defence upon evidence at the trial, and, as the case comes here, we must presume they showed no title ; otherwise they would have brought up the question in a different form. It was erroneous, therefore, to arrest the judgment; and this must be certified to the Superior Court, that sentence may be given on the verdict.
 

 Per Curiam. Ordered accordingly.